# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANDRE JEROME ELLIOTT-BEY,

  Petitioner,

  v.

STATE OF MARYLAND,
DEPT. OF PUBLIC SAFETY AND
  CORRECTIONAL SERVICES,
MARYLAND CORR. TRAINING CENTER,
WARDEN RICHARD DOVEY,

  Respondents.

Civil Action No.: CCB-20-781

## MEMORANDUM

Petitioner Andre Jerome Elliott-Bey filed a petition for writ of habeas corpus on March 23, 2020, together with a motion to proceed in forma pauperis. ECF 1, 2. Elliott-Bey's motion will be granted. The petition must be dismissed for the reasons explained below. A certificate of appealability will not issue.

Elliott-Bey asserts that he is illegally confined to Maryland Correctional Training Center because he was kidnapped by Montgomery County Police and subsequently illegally prosecuted in the Circuit Court for Montgomery County. ECF 1. He alleges that the state court did not have jurisdiction to prosecute him for criminal conduct because he is Moorish American and cites to "the Moorish Holy Temple of Science / Moorish Science Temple of America Divine Constitution and By-Laws, and Zodiac Constitution (Nature's Law) with all due respect and honors given to the Constitution for the United States Republic of North America (Amexem)" as authority to support his assertions. *Id*. at 2. In addition, Elliott-Bey recites his historical account of the origins of Moorish Americans in an attempt to lend credence to his argument. *Id*.

This court is familiar with claims such as those advanced by Elliott-Bey. Insofar as he is asserting that the Maryland state courts lacks jurisdiction to prosecute Moorish-Americans, that argument has been repeatedly rejected. *See Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379–FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"); *El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D.N.Y. Sept. 30, 2014) (similar). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions[.]"). Elliott-Bey's purported status as a Moorish-American citizen does not enable him to violate state laws without consequence. Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish-American nation is without merit[.]" *See El,* 2014 WL 4954476, at *5 (citation and quotation marks omitted).

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this

court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. Elliott-Bey may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

    A separate order follows.


_____3/31/20_____                                                            _____/S/_____
Date                                                                            Catherine C. Blake
                                                                                 United States District Judge